UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 09-10008-PBS |
| ) | |
| DANILO MACHADO ) | |
| Defendant. ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**SARIS, D.J.**

Whereas, on January 12, 2009, the United States filed an Information charging defendant Danilo Machado (the "Defendant") with Unlawful Transfer of False Identification Documents, in violation of 18 U.S.C. § 1028(a)(2) (Counts One and Two); and Possession of a Document-Making Implement with the Intent to Produce a False Identification Document, in violation of 18 U.S.C. § 1028(a)(5) (Count Three);

WHEREAS, the Information also contained forfeiture allegations, which sought the forfeiture, as a result of the offenses alled in Counts One through Three of the Information, of any and all personal property used or intended to be used to commit one or more of the offenses; any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses; and any property, real or personal, which constitutes or is derived from proceeds traceable to one or more of the offenses, pursuant to 18 U.S.C. § 1028(b)(5), 18 U.S.C. § 982(a)(2)(B),

18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c). The Property to be forfeited specifically includes without limitation:

    (a)  One Hewlett Packard Touch Smart computer (serial number 3CR8211XZN) seized from 36 Otis Street, Apartment #2, Somerville, MA on November 20, 2008;

    (b)  One Compaq Presario R3000 computer (serial number CND509K2N) seized from 36 Otis Street, Apartment #2, Somerville, MA on November 20, 2008;

    (c)  One color copier/printer/scanner seized from 36 Otis Street, Apartment #2, Somerville, MA on November 20, 2008;

    (d)  One black Nextel cellular phone seized from 36 Otis Street, Apartment #2, Somerville, MA on November 20, 2008;

    (e)  One red Samsung cellular phone seized from 36 Otis Street, Apartment #2, Somerville, MA on November 20, 2008;

    (f)  One 86MB flash drive seized from 36 Otis Street, Apartment #2, Somerville, MA on November 20, 2008;

    (g)  One 4GB thumb drive seized from 36 Otis Street, Apartment #2, Somerville, MA on November 20, 2008;

    (h)  One computer data storage device seized from 36 Otis Street, Apartment #2, Somerville, MA on November 20, 2008; and

    (i)  Counterfeit identification documents seized from 36 Otis Street, Apartment #2, Somerville, MA on November 20, 2008,

(collectively, the "Property");

WHEREAS, the forfeiture allegations of the Information further provided that, if any forfeitable property, as a result

Case 1:09-cr-10008-PBS   Document 11-2   Filed 02/13/2009   Page 3 of 6

of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on January 22, 2009, the Defendant pled guilty to Counts One, Two and Three of the Information. At the hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the government set for the basis for forfeiture of the Property and the Defendant consented to forfeiture of the Property;

WHEREAS, as a result of the Defendant's guilty plea, and pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea and the Defendant's admissions at the Rule 11 hearing, that the government has established the requisite nexus between the Property and the offenses to which

Case 1:09-cr-10008-PBS   Document 11-2   Filed 02/13/2009   Page 4 of 6

the Defendant pleaded guilty. Accordingly, the Property is hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853(a), as incorporated in 18 U.S.C. § 1208(g), 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c).

    2.    The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Preliminary Order of Forfeiture to substitute property having a value not to exceed the value of the Property.

    3.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the Department of Homeland Security, United States Immigration and Customs Enforcement is hereby authorized to seize the Property and hold it in its secure custody and control.

    4.    Upon issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n)(1), as incorporated in 18 U.S.C. § 1208(g), 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days, notice of this Preliminary Order of Forfeiture and of the United States' intent to dispose of the Property in such manner as the Attorney General may direct on the government website www.forfeiture.gov.

    5.    Upon issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), as incorporated in 18 U.S.C. § 1208(g), 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct

written notice to any person known to have alleged an interest in the Property to be forfeited.

6.   Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated in 18 U.S.C. § 1208(g), 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Property, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, any additional facts supporting the petitioner's claim, and the relief sought.

7.   Upon issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n)(7), as incorporated in 18 U.S.C. § 1208(g), 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for

the filing of such petitions, the United States of America shall have clear title to the Property.

8.   Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853, as incorporated in 18 U.S.C. § 1208(g), 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

PATTI B. SARIS
United States District Judge

Date: _____